DECISION AND JUDGEMENT ENTRY
{¶ 1} This is an appeal from an Adams County Court judgment that granted the new trial motion that Bryan E. Rhoads, defendant below and appellee herein, filed following the recusal of the judge who presided over his jury trial and the appointment of the successor judge.
 {¶ 2} The State of Ohio, plaintiff below and appellant herein, raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "THE TRIAL COURT ERRED IN GRANTING A NEW TRIAL PURSUANT TO CRIMINAL RULE 25 AFTER JURY FINDINGS OF GUILT HAD BEEN MADE AND THE SELF DISQUALIFICATION OF THE JUDGE WHO PRESIDED AT TRIAL WITHOUT CONDUCTING A REVIEW OF THE TRANSCRIPTS OF THE PRE-TRIAL AND TRIAL PROCEEDINGS TO DETERMINE IF THE NEWLY ASSIGNED JUDGE COULD PERFORM THE POST TRIAL DUTIES."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING A MOTION FOR A NEW TRIAL UNDER CRIMINAL RULE 25 BASED UPON GROUNDS THAT SHOULD HAVE BEEN CONSIDERED UNDER CRIMINAL RULE 33."
 {¶ 3} On October 13, 2005, a jury found appellee guilty of assault and domestic violence. Before sentencing, the judge who presided over the jury trial recused himself due to a professional conflict of interest. Subsequently, Judge Robert Judkins was assigned to preside over the post-verdict proceedings.
 {¶ 4} On March 23, 2006 appellee filed a Crim.R. 33(A)(1) and (A)(4) motion for a new trial citing the appointment of a different judge to preside over the post-verdict proceedings. The trial court granted appellee's motion and concluded that Crim.R. 25(B), rather than Crim.R. 33, controlled. The judge stated that he was "not satisfied [he] can perform the post verdict duties" because he did not preside at trial. The judge *Page 3 
additionally stated: "[I]n the interest of Justice and the perception that all judicial proceeding[s] always be presented before a Judge with no perception of bias or conflict of interest (whether potential or real)[,] it is this Court['s] decision to grant a new trial." The court thus vacated the jury's verdict. This appeal followed.
 {¶ 5} Because appellant's assignments of error both challenge the propriety of the trial court's decision to grant appellee a new trial, we consider them together.
 {¶ 6} In its first assignment of error, appellant asserts that the trial court abused its discretion by granting a new trial under Crim.R. 25 without first reviewing the transcripts of the proceedings. Appellant additionally asserts that the trial judge should have provided some reasoning as to why he could not perform the post-trial duties, that the trial court abused its discretion by granting the motion under Crim.R. 25 when appellee filed his motion for a new trial under Crim.R. 33, and that the successor judge's decision to grant a new trial "was not based upon his inability to preside over the post verdict proceedings due to his not having presided over the jury trial, but due to his well intentioned belief that trials should be tried before trial judges without the perception of bias or a conflict of interest. Because of this belief, rather than review the trial transcript to determine if the record contained sufficient evidence and information upon which he could make the necessary determinations in post verdict proceedings, he simply made the *Page 4 
finding required in Criminal Rule 25(B). In doing so, there was no basis in fact for that decision, which is an abuse of discretion." In its second assignment of error, appellant asserts that the trial court erred by granting appellee's new trial motion on the basis "that a judicial proceeding should always be presented before a judge who has no perception of bias or a conflict of interest, real or apparent." Appellant contends that this is not sufficient to constitute an irregularity in the proceedings that prevented appellee from having a fair trial under Crim.R. 33(A)(1).
 {¶ 7} Generally, a reviewing court should not disturb a trial court's decision to grant or to deny a new trial request absent an abuse of discretion. See State v. LaMar, 95 Ohio St.3d 181, 767 N.E.2d 166, at ¶ 82; State v. Schiebel (1990), 55 Ohio St.3d 71, 76, 564 N.E.2d 54. An abuse of discretion is more than an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Herring (2002), 94 Ohio St.3d 246, 255,762 N.E.2d 940; State v. Adams (1980), 60 Ohio St.2d 151, 157,404 N.E.2d 144. Furthermore, an abuse of discretion means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3. When appellate courts apply the abuse of discretion standard, *Page 5 
the court may not substitute its judgment for that of the trial court. See, e.g., State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.
 {¶ 8} After our review of the record in the case sub judice, we do not believe that the trial court abused its discretion by ordering a new trial under Crim.R. 25(B). Crim.R. 25(B) states:
 If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial.
Contrary to appellant's arguments, nothing in Crim.R. 25(B) requires the newly-assigned judge to review the trial transcript or the record before determining that the judge cannot perform the post-verdict duties. Furthermore, Crim.R. 25(B) does not otherwise circumscribe the judge's discretion by requiring the judge to enter factual findings or provide a detailed explanation for the decision. The rule, by its plain terms, allows the judge full discretion to grant a new trial if the judge determines that he cannot perform the post-verdict duties. The rule imposes no other requirements on the newly-assigned judge. Thus, we disagree with appellant that the trial court abused its discretion by granting a new trial under Crim.R. 25(B) without first reviewing the trial transcript and the record. While it may arguably be better practice to review the record before *Page 6 
deciding whether to grant a new trial under Crim.R. 25(B), the failure to do so does not constitute an abuse of discretion.
 {¶ 9} Furthermore, we disagree with appellant that the trial court actually based its decision upon Crim.R. 33(A)(1). Crim.R. 33(A)(1) states:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial * * *.
In the case at bar, Crim.R. 25(B) provides a standard for the trial court's decision to grant a new trial. Moreover, we find nothing in the record to indicate that the court granted the motion under Crim.R. 33(A)(1). In fact, the court specifically determined that Crim.R. 25(B) controlled. Thus, appellant's second assignment of error is meritless.
 {¶ 10} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's two assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGEMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into *Page 7 
execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J.: Concurs in Judgment Opinion Harsha, J.: Concurs in Judgment Only *Page 1